PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHEILA VENTURA LEWIS,         )
         )   CASE NO.  1:19-CV-2723
     Plaintiff,         )
         )
    v.         )   JUDGE BENITA Y. PEARSON
         )
COMMISSIONER OF SOCIAL         )
SECURITY,         )
         )   **MEMORANDUM OF OPINION**
     Defendant.         )   **AND ORDER**

An Administrative Law Judge (ALJ) denied Plaintiff Sheila Ventura Lewis's application for disability insurance benefits (DIB) after a hearing in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. Plaintiff sought judicial review of the Commissioner's decision, and the case was automatically referred to Magistrate Judge David A. Ruiz for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). On December 31, 2020, Magistrate Judge Ruiz submitted his Report (ECF No. 13) recommending that the Court affirm the Commissioner's decision. Plaintiff filed an Objection to the Report and Recommendation (ECF No. 14), and the Commissioner responded (ECF No. 15), stating that he would stand on the grounds argued in his merits brief (*see* ECF No. 11).

For the reasons that follow, the Court adopts the Report and Recommendation (ECF No. 13) and affirms the decision of the Commissioner of Social Security.

(1:19-CV-2723)

## I.  Background

Magistrate Judge Ruiz's Report and Recommendation thoroughly narrates the procedural history, describes the medical evidence, and analyzes the merits of Plaintiff's appeal.  It sets out the sequential five-step process by which the Commissioner determines whether a claimant is eligible for benefits.[1]  ECF No. 13 at PageID #: 433 (citing 20 C.F.R. § 404.1520(a)(4); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)).  It explains that the ALJ denied Plaintiff's claims because he found, based on Plaintiff's age, education, work experience, and residual functional capacity (RFC), that Plaintiff can still perform her past relevant work as a corporate product analyst, and she is therefore not disabled.  *Id.* at PageID#: 433-34 (citing ECF No. 9 at PageID#: 66-73).  The ALJ acknowledged Plaintiff's severe impairments[2] and non-severe physical and mental impairments,[3] but concluded that Plaintiff "is capable of performing past relevant work as

---

[1]  "First, the claimant must demonstrate that she is not currently engaged in 'substantial gainful activity' at the time she seeks disability benefits.  Second, the claimant must show that she suffers from a medically determinable 'severe impairment' or combination of impairments in order to warrant a find of disability. . . . Third, if the claimant is not performing substantial gainful activity, [and] has a severe impairment . . . [that] meets a listed impairment, the claimant is presumed to be disabled regardless of age, education, or work experience.  Fourth, if the claimant's impairment(s) does not prevent her from doing past relevant work, the claimant is not disabled.  [Fifth], even if the claimant's impairment(s) does prevent her from doing past relevant work, if other work exists in the national economy that the clamant can perform, the claimant is not disabled."  ECF No. 13 at PageID #: 433 (citations omitted).

[2]  "The claimant has the following severe impairments: right shoulder impingement syndrome and mild degenerative changes of the acromioclavicular joint of the right shoulder."  ECF No. 9 at PageID#: 66 (citing 20 C.F.R. § 404.1520(c)).

[3]  The ALJ identified "Non-Severe Physical Impairments" and a "Non-Severe Mental Impairment" of "obesity and obstructive sleep apnea" and "major depressive

(continued...)

2

(1:19-CV-2723)

a corporate product analyst." ECF No. 9 at PageID#: 72.  Accordingly, the ALJ denied

Plaintiff's benefits application.  *Id.* at PageID#: 74.

Appealing that decision, Plaintiff argued that the ALJ erred in finding (1) that Plaintiff's

major depressive disorder did not constitute a "severe" impairment, ECF No. 10 at PageID #:

403; (2) that Plaintiff's shoulder condition did not merit a finding of limitations related to

handling and fingering, *id.* at PageID #: 405; and (3) that Plaintiff could return to her past

relevant work as a corporate product analyst, *id.* at 407.[4]  In response to Plaintiff's first argument,

the Commissioner argued that even if the ALJ's decision not to categorize Plaintiff's major

depressive disorder as "severe" were erroneous, any error was harmless because the ALJ found

that Plaintiff had at least one severe impairment.  ECF No. 11 at PageID #: 415 (citing *Pompa v.*

*Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003)).  In response to Plaintiff's second

---

[3](...continued)
disorder (recurrent/mild)," respectively. ECF No. 9 at PageID#: 66-7.  The ALJ
concluded that Plaintiff's "obesity and untreated obstructive sleep apnea have not
imposed significant functional limitations separately or in combination with any other
impairments," and, similarly, that Plaintiff's "medically determinable mental impairment
of major depressive disorder (recurrent/mild) does not cause more than minimal
limitation in [Plaintiff's] ability to perform basic mental work activities." *Id.*

[4]  The Court notes that Plaintiff's brief is organized as presenting only two
assignments of error, ECF No. 10 at PageID #: 393, but agrees with the Commissioner
that Plaintiff's brief actually presents three separate arguments. ECF No. 11 at PageID #:
411-12; *see also id.* at PageID #: 416 ("Embedded in her step two argument is another
argument by Plaintiff that her right shoulder problems limited her to no more than
occasional use of her right upper extremity and caused handling and fingering limitations
on the right side.").  Magistrate Judge Ruiz also separately addressed all three of
Plaintiff's arguments in his Report and Recommendation. ECF No. 13 at PageID #: 438
(referring to Plaintiff's second argument as one "tacked on at the end of the first
assignment of error").

(1:19-CV-2723)

argument, the Commissioner argued that the ALJ's finding that Plaintiff suffered no handling

and fingering limitations was supported by substantial evidence.  *Id.* at PageID #: 416.  To

Plaintiff's third argument, the Commissioner similarly argued that substantial evidence supported

the ALJ's finding that Plaintiff could perform her relevant past work.  *Id.* at PageID #: 418.

Magistrate Judge Ruiz agreed with the Commissioner on all three issues.  For the first

argument, he echoed the Commissioner's point that the ALJ's finding that Plaintiff had at least

one severe impairment rendered the categorization of any other impairments immaterial, because

a finding of any one severe impairment allowed her to pass the threshold inquiry of "Step Two."

ECF No. 13 at PageID #: 436-38.  Next, Magistrate Judge Ruiz noted the paucity of evidence that

Plaintiff marshaled to support her second argument, and concluded that the first assignment of

error—which included Plaintiff's first and second arguments—was "without merit."  *Id.* at

PageID #: 439.  Finally, on the third argument, Magistrate Judge Ruiz provided that, "[a]s the

ALJ did not find that handling or fingering restrictions were warranted, the Plaintiff has

identified no error at Step Four," which is the step in which the ALJ analyzes whether a claimant

can perform their past relevant work.  *Id.* at PageID #: 441.  Magistrate Judge Ruiz went on: "the

ALJ could rely on the [vocational expert's] testimony that Plaintiff could perform her past

relevant work if she were as limited as set forth in the RFC."  *Id.*

Plaintiff filed two objections in which she made similar, but not identical arguments to

those she made in the first instance.  ECF No. 14.  Plaintiff's first objection is that "the ALJ

erroneously failed to include any limitation related to Plaintiff's psychological impairments" in

the RFC, and that "[t]hese continuing depressive symptoms should have precluded her from

4

(1:19-CV-2723)

being able to perform her past work." *Id.* at PageID #: 443.  For Plaintiff's second objection, she

argues that "[she] would have to constantly reach in front in order to perform her past work.

Based on the ALJ's limitation to only frequently reach all around, she would be unable to

perform her past work." *Id.* at PageID #: 444.  In response, the Commissioner stated that he

would rely on his merits brief.  ECF No. 15.

## II.  Standard of Review

When a magistrate judge submits a Report and Recommendation, the Court is required to

conduct a *de novo* review of the portions of the Report and Recommendation to which an

appropriate objection has been made.  28 U.S.C. § 636(b).  Objections must be specific, not

general, in order to focus the court's attention upon contentious issues*.  Howard v. Sec'y of*

*Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes

whether substantial evidence supports the Commissioner's decision.  The Court's review of the

Commissioner's decision is limited to determining whether substantial evidence, viewing the

record as a whole, supports the findings of the administrative law judge*.  Hephner v. Mathews,*

574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 522-23

(6th Cir. 2003).  Substantial evidence is more than a mere scintilla of evidence, but less than a

preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*

(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health*

*and Human Servs*., 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

(1:19-CV-2723)

If substantial evidence supports the Commissioner's decision, a reviewing court must

affirm the decision even if it would decide the matter differently.  *Cutlip v. Secretary of Health*

*and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d

1058, 1059 (6th Cir. 1983) (per curiam)).  Moreover, the decision must be affirmed even if

substantial evidence would also support the opposite conclusion*.  Mullen v. Bowen*, 800 F.2d

535, 545 (6th Cir. 1986) (en banc).  This standard "allows considerable latitude to administrative

decision makers. . . .  An administrative decision is not subject to reversal merely because

substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler,*

730 F.2d 1147, 1150 (8th Cir. 1984)).  In determining whether substantial evidence supports the

ALJ's findings in the instant matter, however, the Court must examine the record as a whole and

take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human*

*Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  The Court must also consider whether the

Commissioner employed the proper legal standards*.  Queen City Home Health Care Co. v.*

*Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

### III.  Analysis

Both of Plaintiff's objections must be overruled because substantial evidence supports the

ALJ's challenged findings.

### A.  No Limitations Related to Major Depressive Disorder

In her first objection, Plaintiff argues that the Report and Recommendation incorrectly

found that "the ALJ considered all impairments, severe and non-severe, when making his RFC

finding." ECF No. 14 at PageID #: 443 (citing ECF No. 13 at PageID #: 435-39).  Plaintiff

6

(1:19-CV-2723)

argues that the ALJ should have included limitations related to Plaintiff's major depressive

disorder in the RFC, and that these limitations should have precluded the ALJ's finding that

Plaintiff could perform her past relevant work.  *Id.*  Plaintiff bases these contentions on a

consultive examination performed by Dr. Charles Misja; that Dr. George Balis "noted . . . that

Plaintiff was diagnosed with depressive disorder;" and Plaintiff's testimony at the hearing before

the ALJ.  *Id.*  These sources of evidence are barely inconsistent with the ALJ's decision not to

add limitations stemming from Plaintiff's major depressive disorder to the RFC, however.  And,

in any case, substantial evidence supports the ALJ's findings.

Dr. Misja found[5] that Plaintiff's "depression is not debilitating," and that "she appears to

be functioning in the average range of intelligence.  She will have no difficulty understanding,

remembering, and implementing ordinary instructions." ECF No. 9 at PageID #: 323.

Furthermore, Dr. Misja concluded that Plaintiff was likely to have "minimal" problems

"maintaining attention and concentration, . . . maintaining persistence and pace, [and]

perform[ing] simple tasks and . . . multi-step tasks." *Id.*  Similarly, Dr. Misja found that Plaintiff

would likely have "minimal" problems "responding appropriately to supervision and coworkers

in a work setting," and "responding appropriately to work pressures in a work setting." *Id.*

Nothing in Dr. Misja's evaluation suggests that the ALJ should have included limitations related

to Plaintiff's psychological state in the RFC.  To the contrary, the evaluation provides substantial

evidence for the ALJ's decision not to include such limitations.

---

[5] Magistrate Judge Ruiz noted all of the following findings in his Report and
Recommendation.  ECF No. 13 at PageID #: 429.

(1:19-CV-2723)

Next, Plaintiff's objection points out that "Dr. George Balis of the Cleveland Clinic noted

. . . that Plaintiff was diagnosed with depressive disorder." ECF No. 14 at PageID #: 443.

Technically, this is true.  Dr. Balis's report notes, under "PAST MEDICAL HISTORY" and

"Problem List," that Plaintiff was diagnosed with depressive disorder. ECF No. 9 at PageID #:

326.  Dr. Balis treated Plaintiff's shoulder, however, not her psychological issues. Id. at PageID

#: 327-29.  Dr. Balis gave Plaintiff a "PHYSICAL EXAMINATION," not a psychological one,

and he made no observations whatsoever related to her depressive disorder diagnosis. Id. at

PageID #: 328.  Indeed, he did not even include the depressive disorder diagnosis in his list of

Plaintiff's "notable" past medical history. Id.  This evidence, therefore, does not support

Plaintiff's objection.

The other evidence Plaintiff relies on to support her objection is her own testimony at the

hearing before the ALJ.  Magistrate Judge Ruiz addressed this evidence in his Report and

Recommendation, in his analysis of Plaintiff's argument that the ALJ should have categorized

Plaintiff's major depressive disorder as a severe impairment. ECF No. 13 at PageID #: 437-38.

Because the ALJ noted that Plaintiff's "statements concerning the intensity, persistence, and

limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other

evidence in the record," ECF No. 9 at PageID #: 70, Magistrate Judge Ruiz correctly observed

that "the ALJ did not find Plaintiff's statements entirely credible." ECF No. 13 at PageID #: 438.

Moreover, "Plaintiff has not taken issue with the ALJ's credibility determination, which is

entitled to substantial deference." Id. at PageID #: 437-38.  Additionally, Plaintiff's testimony,

even if credited, hardly supports her objection.  All she said was that she occasionally has

8

(1:19-CV-2723)

"trouble remembering words" and sometimes experiences a "lack of focus."  ECF No. 9 at

PageID #: 110-11.  She also denied experiencing any concentration problems.  *Id.* at PageID #:

111.

      Overall, therefore, Plaintiff has presented no evidence other than her own equivocal

testimony, which the ALJ discounted, for her contention that limitations related to her major

depressive disorder should have been included in the RFC.  Furthermore, substantial

evidence—namely, Dr. Misja's evaluation—supports the ALJ's conclusion that Plaintiff's

depressive disorder does not cause any limitations that should have been included in the RFC.  If

the ALJ had credited Plaintiff's testimony, the conclusion that limitations related to her

depressive disorder should have been included in the RFC *might* have been logical, but it would

not be the only conclusion the ALJ could reasonably have drawn from the evidence presented.

The Court "must defer to an agency's decision even if there is substantial evidence in the record

that would have supported an opposite conclusion, so long as substantial evidence supports the

conclusion reached by the ALJ."  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir.

2003) (quotation omitted).  The ALJ's decision was supported by substantial evidence, and thus

Plaintiff's first objection must be overruled.

### B.  Plaintiff's Ability to Perform Past Relevant Work

      In her second objection, Plaintiff argues that Magistrate Judge Ruiz should not have

recommended affirming the ALJ's finding that Plaintiff could perform her past work.  ECF No.

14 at PageID #: 444.  Specifically, Plaintiff notes that the RFC limited Plaintiff to "frequent

reaching" and that during Plaintiff's attorney's cross-examination of the vocational expert, "when

(1:19-CV-2723)

the vocation witness was asked whether a person would have to reach in front to use a keyboard,

he testified that would be correct." *Id.* (citing ECF No. 9 at PageID #: 128).  "Based on this

cross-examination," Plaintiff submits, "Plaintiff would have to constantly reach in front in order

to perform her past work." *Id.*  Plaintiff concludes that, "[b]ased on the ALJ's limitation to only

frequently reach all around, she would be unable to perform her past work." *Id.*

Plaintiff's logic is flawed.  The extrapolation from her attorney's colloquy with the

vocational expert that "Plaintiff would have to *constantly* reach in front in order to perform her

past work," *id.* (emphasis added) is unsupported.  Plaintiff's attorney asked the vocational expert

whether "all the jobs at Step 4 [*i.e.*, Plaintiff's past relevant work] have a reaching of frequent per

the [Dictionary of Occupational Titles (DOT)]," and he responded affirmatively.  ECF No. 9 at

PageID #: 128.  Plaintiff's attorney followed up by asking if the vocational expert would "agree

that you have to reach in front of you in order to finger a keyboard," to which he responded,

"[y]es, I mean you can't keyboard with your hands hanging at your sides." *Id.*  Nowhere does the

vocational expert suggest that Plaintiff would have to *constantly* reach in front to perform her

past relevant work.  At best, this colloquy suggests that Plaintiff would have to *frequently* reach

in front.  The ALJ's RFC specifically limits Plaintiff to "frequent reaching overhead and all

around." *Id.* at PageID #: 70.  Thus, there is no inconsistency between the vocational expert's

testimony on cross examination and the ALJ's conclusion that Plaintiff's RFC would allow her to

perform her past relevant work.  *See id.* at PageID #: 72.

Furthermore, (as recounted by Magistrate Judge Ruiz, ECF No. 13 at PageID #: 431), the

ALJ posed the following hypothetical question to the vocational expert: "assume a hypothetical

(1:19-CV-2723)

individual . . . limited to frequent reaching with the right upper extremity overhead and all

around. . . . With those restrictions, would a hypothetical individual be able to perform the past

jobs described in earlier testimony?" ECF No. 9 at PageID #: 123-24.  The vocational expert

responded, "[y]es, all the past jobs would be feasible with those limitations." *Id.* at PageID #:

124.  Of course, the restrictions ascribed to the "hypothetical individual" in that question ended

up matching the limitations in the RFC exactly.  *Compare id.* at PageID #: 123-24, *with id.* at

PageID #: 70.  Thus, the vocational expert testified that, given Plaintiff's RFC, she could still

perform her past relevant work.  This testimony both contradicts Plaintiff's argument and serves

as substantial evidence to support the ALJ's conclusion that Plaintiff "is capable of performing

past relevant work as a corporate product analyst.  This work does not require the performance of

work-related activities precluded by [Plaintiff's] residual functional capacity." *Id.* at PageID #:

72.  Because the ALJ's determination was supported by substantial evidence, Plaintiff's second

objection must also be overruled.

### IV.  Conclusion

For the foregoing reasons, the Report and Recommendation of the Magistrate Judge is

hereby adopted.  The decision of the Commissioner of Social Security is affirmed.  Judgment

will be entered in favor of The Commissioner.


IT IS SO ORDERED.


  March 18, 2021                              */s/ Benita Y. Pearson*
Date                                          Benita Y. Pearson
                                              United States District Judge

11